UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN GOMEZ, CDCR #AE-1543,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>RAYMOND MADDEN; A. SANGHA,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:16-cv-02316-WQH-WVG<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2];**<br><br>**2) DENYING MOTION FOR APPOINTMENT OF COUNSEL;**<br><br>**AND**<br><br>**3) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(ii) AND 1915A(b)(1)** |

Ruben Gomez ("Plaintiff"), a state prisoner currently incarcerated at Centinela State Prison ("CEN") in Imperial, California, and proceeding pro se, has filed a civil rights complaint ("Compl") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff alleges that his Eighth Amendment right to adequate medical care has been violated by CEN

prison officials. Plaintiff seeks compensatory and punitive damages, as well as declaratory relief. (Comp. at 11.)

Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint, instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.) In addition, Plaintiff has filed a Motion to Appoint Counsel. (ECF No. 3.)

**I.    Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] See 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," Bruce v. Samuels, 577 U.S. __, 136 S. Ct. 627, 629 (2016); Williams v. Paramo, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

1  has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution
2  having custody of the prisoner then collects subsequent payments, assessed at 20% of the
3  preceding month's income, in any month in which his account exceeds $10, and forwards
4  those payments to the Court until the entire filing fee is paid. See 28 U.S.C.
5  § 1915(b)(2); Bruce, 136 S. Ct. at 629.
6       In support of his IFP Motion, Plaintiff has submitted a copy of his Inmate
7  Statement Report for the six-months preceding the filing of his Complaint. See ECF No.
8  9 at 5-8; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; Andrews, 398 F.3d at 1119.  This
9  statement shows that Plaintiff had an average monthly balance of $9.71, and average
10 monthly deposits of $9.13 to his account over the 6-month period immediately preceding
11 the filing of his Complaint, as well as an available balance of $6.12 at the time he
12 submitted the statements. See ECF No. 4 at 3.  Based on this financial information, the
13 Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 9), and assesses his initial
14 partial filing fee to be $1.94 pursuant to 28 U.S.C. § 1915(b)(1).
15      However, the Court will direct the Secretary of the California Department of
16 Corrections and Rehabilitation ("CDCR"), or his designee, to collect this initial fee only
17 if sufficient funds are available in Plaintiff's account at the time this Order is executed.
18 See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited
19 from bringing a civil action or appealing a civil action or criminal judgment for the
20 reason that the prisoner has no assets and no means by which to pay the initial partial
21 filing fee."); Bruce, 136 S. Ct. at 630; Taylor, 281 F.3d at 850 (finding that 28 U.S.C.
22 § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based
23 solely on a "failure to pay . . . due to the lack of funds available to him when payment is
24 ordered.").  The remaining balance of the $350 total fee owed in this case must be
25 collected and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).
26 / / /
27 / / /
28 / / /

## II. Plaintiff's Motion to Appoint Counsel

Plaintiff has also filed a Motion for Appointment of Counsel (ECF. No. 3). However, there is no constitutional right to counsel in a civil case. Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant. Agyeman v. Corr. Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). However, this discretion may be exercised only under "exceptional circumstances." Id.; see also Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court DENIES Plaintiff's Motion (ECF No. 3) without prejudice because, as discussed below, it appears Plaintiff is capable of articulating the factual basis for his claims, and the likelihood of his success on the merits is not at all yet clear at this preliminary stage of the proceedings. Id. Therefore, neither the interests of justice nor any exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell, 935 F.2d at 1017.

## III. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Screening Standards

The Court must review complaints filed by all persons, like Plaintiff, who are proceeding IFP and who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2), 1915A(b). Pursuant to these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; Lopez v. Smith, 203 F.3d 1122,

1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

      All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. The "mere possibility of misconduct" does not meet this standard. Id.

      "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679; see also Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

      However, while the court has an obligation "where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985), it may not, in so doing, "supply essential elements of claims that were not initially pled." Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Finally, in deciding whether Plaintiff has stated a plausible claim for relief, the Court may consider exhibits attached to his Complaint. See FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc., 583 F.2d 426 (9th Cir.

1978) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss.)).

### B. Plaintiff's Claims

Plaintiff has been incarcerated since September 14, 2006. (See Compl. at 4.) In 2007, Plaintiff was diagnosed with an eye condition known as "Keratoconus." (Id.) Plaintiff alleges this medical condition can produce "major changes" in vision and generally the only way to resolve this condition is with a "corneal transplantation." (Id.)

On February 10, 2011 Plaintiff was transferred to CEN. (Id. at 7.) Beginning in August 12, 2011, when Plaintiff was first examined by Dr. Mani,[2] until the present, Plaintiff claims the medical care he was provided "was of no use to his advanced Keratoconus." (Id. at 7-8.)

### C. Statute of Limitations

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" Id. (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995)); see also Cervantes v. City of San Diego, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling); see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 216 F.3d 764, 788 (9th Cir. 2000) (court may raise the defense of statute of limitations sua sponte),

---

[2] Dr. Mani is not a named defendant in this action.

overruled on other grounds by Gonzalez v. Arizona, 677 F.3d 383, 389 (9th Cir. 2011) (en banc); Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).

Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. Jones, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two years. Id. (citing CAL. CIV. PROC. CODE § 335.1). The law of the forum state also governs tolling. Wallace v. Kato, 549 U.S. 384, 394 (2007) (citing Hardin v. Straub, 490 U.S. 536, 538-39 (1989)); Jones, 393 F.3d at 927 (noting that in actions where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law).

Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years. CAL. CIV. PROC. CODE § 352.1(a); Johnson v. California, 207 F.3d 650, 654 (9th Cir. 2000), overruled on other grounds, Johnson v. California, 543 U.S. 499 (2005). Accordingly, the effective statute of limitations for most California prisoners is three years for claims accruing before January 1, 2003 (one year limitations period plus two year statutory tolling), and four years for claims accruing thereafter (two year limitations period plus two years statutory tolling).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace, 549 U.S. at 388; Hardin, 490 U.S. at 543-44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." Wallace, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the

basis of the action." Maldonado, 370 F.3d at 955; TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

In this case, the "wrongful act" which is alleged to have caused Plaintiff harm began in 2011, over five years before Plaintiff filed his Complaint in this action on September 12, 2016. (See Compl. at 1.) Thus, assuming Plaintiff is not serving a life sentence (the record is silent on that issue), the statute of limitations expired at the latest (based on the allegations in the Complaint) in August 2015, well before this action was commenced in September 2016. Based on the allegations in the Complaint, it is outside California's statute of limitations, even including all presumed periods of tolling provided by statute. Wallace, 591 U.S. at 391; see also Maldonado, 370 F.3d at 955; CAL. CODE CIV. PROC. § 335.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration); Jones, 393 F.3d at 927.

Finally, Plaintiff's claims could be considered timely if, in his Complaint, he alleges facts sufficient to show the limitations period may be equitably tolled. See Cervantes, 5 F.3d at 1275-77. Generally, federal courts also apply the forum state's law regarding equitable tolling. Fink, 192 F.3d at 914; Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir.1988). Under California law, however, Plaintiff must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling. See Hull v. Central Pathology Serv. Med. Clinic, 28 Cal.App.4th 1328, 1336 (Cal.Ct.App. 1994); Addison v. State of California, 21 Cal.3d 313, 316-17 (Cal. 1978); Fink, 192 F.3d at 916.

As currently pleaded, however, the Court finds Plaintiff has failed to plead any facts which, if proved, would support any plausible claim for equitable tolling. See Cervantes, 5 F.3d at 1277; Iqbal, 556 U.S. at 679. Accordingly, the Court finds that a review of the Complaint reveals that Plaintiff's claims are barred by the statute of limitations, and his entire Complaint must be dismissed for failing to state a claim upon which section 1983 relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Barren, 152

1 F.3d at 1194.

### D. Eighth Amendment medical care claims

Prison officials are liable only if they are deliberately indifferent to the prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); see also Clouthier v. Cnty. of Contra Costa, 591 F.3d 1232, 1241-44 (9th Cir. 2010) (applying Estelle's Eighth Amendment deliberate indifference standard to inadequate medical care claims alleged to violate a pretrial detainees' due process rights).

Here, Plaintiff claims he suffers from "Keratoconus" and claims that his medical needs were objectively serious. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991) (defining a "serious medical need" as one which the "failure to treat ... could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing Estelle, 429 U.S. at 104); Iqbal, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Twombly, 550 U.S. at 570). The "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin, 974 F.3d at 1059-60.

Assuming Plaintiff's medical issues were "objectively serious" medical conditions, nothing in his Complaint supports a "reasonable inference that [any individual] defendant" acted with deliberate indifference to his plight. Iqbal, 556 U.S. at 678. "In order to show deliberate indifference, an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 302 (1991). The indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. Estelle, 429 U.S. at 106; Toguchi v. Chung, 391 F.3d 1051, 1060

(9th Cir. 2004) ("Deliberate indifference is a high legal standard.") (citing Hallett v. Morgan, 296 F.3d 732, 1204 (9th Cir. 2002); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)). A difference of opinion between a prisoner and the doctors or other trained medical personnel as to the appropriate course or type of medical attention he requires does not amount to deliberate indifference, see Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), and any delay in providing an appropriate course of treatment does not by itself show deliberate indifference, unless the delay is alleged have caused harm. See McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) ("[D]elay in providing a prisoner with dental treatment, standing alone, does not constitute an Eighth Amendment violation.").

Thus, while Plaintiff claims he was denied adequate medical care, Plaintiff does not actually set forth any specific factual allegations that Defendant Madden or Defendant Sangha actually knew of, yet disregarded any serious medical need. See Gibson v. Cnty. of Washoe, Nev., 290 F.3d 1175, 1193 (9th Cir. 2002) ("[D]eliberate indifference requires the defendant to be subjectively aware that serious harm is likely to result from a failure to provide medical care."). Plaintiff does not state any factual allegations that either of these Defendants played any role in the medical care he received while housed at CEN. Therefore, the Court finds that Plaintiff has failed to state an Eighth Amendment claims as to either Defendant Madden or Defendant Sangha.

### C. Individual Liability and Causation

Finally, Plaintiff's Complaint contains insufficient factual allegations as to whom he claims violated his constitutional rights and contains no "further factual enhancement" which describes how, or to what extent, any individual became aware of, or were actually aware of, his alleged serious medical needs. "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556

U.S. at 676; see also Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

"Causation is, of course, a required element of a § 1983 claim." Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988), citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff only identifies Madden and Sangha as Defendants in his Complaint but there are no actual references to these Defendants in the body of his Complaint or in the voluminous exhibits attached to Plaintiff's Complaint.

For all these reasons, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

### D.  Leave to Amend

Because Plaintiff is proceeding without counsel, and he has now been provided with notice of his Complaint's deficiencies, the Court will grant him leave to amend. See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### IV.  Conclusion and Order

Good cause appearing, the Court:

1.     **DENIES** Plaintiff's Motion to Appoint Counsel without prejudice (ECF No. 3).

2.     **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

11

3:16-cv-02316-WQH-WVG

3.     **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $1.94 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4.     **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

5.     **DISMISSES** Plaintiff's Complaint in its entirety for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading, and must comply with S.D. CAL. CIVLR 8.2(a).  Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. See S.D. CAL. CIVLR 15.1; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment.  See Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff

does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: December 14, 2016

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court