|    |    |
|----|----|
| RUBEN GOMEZ, | Case No.: 16cv2316-WQH-WVG |
| Plaintiff, | **ORDER** |
| v. | |
| RAYMOND MADDEN, et al. | |
| Defendants. | |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

HAYES, Judge:

The matter before the Court is the Motion to Reopen Case filed by Plaintiff Ruben Gomez. (ECF No. 10).

**I.   BACKGROUND**

On September 12, 2016, Plaintiff Ruben Gomez, proceeding pro se and in forma pauperis, initiated this action by filing a Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff alleged that Defendants Raymond Madden and A. Sangha, prison officials at California State Prison, Centinela, violated his Eighth Amendment rights. (ECF No. 1). Plaintiff additionally filed a motion to proceed in forma pauperis and a motion to appoint counsel. (ECF Nos. 2, 3).

On December 14, 2016, the Court granted Plaintiff's motion to proceed in forma pauperis, denied the motion for appointment of counsel, and dismissed the Complaint for failing to state a claim pursuant to 25 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1). (ECF

No. 5). The Court granted Plaintiff forty-five days leave to file an Amended Complaint. *Id.* The Order stated,

> If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment.

*Id.* at 12-13. On January 11, 2017, Plaintiff filed a second motion to appoint counsel. (ECF No. 7).

On February 17, 2017, the Court issued an Order denying the motion to appoint counsel and, after determining that Plaintiff had not filed any amended complaint, dismissing the action "for failure to comply with the Court's December 14, 2016 Order and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)." (ECF No. 8). The Court directed the Clerk of Court to close the case.

On January 24, 2018, Plaintiff filed a motion to reopen the case stating that he did not receive copies of the December 14, 2016 and the February 17, 2017 Orders. (ECF No. 10). Plaintiff states, "Plaintiff never received any notices or orders from the courts and plaintiff is a pro per petitioner, Plaintiff request this court to reopen case and allow him to fairly litigate his petition as not receiving notices of his court action denied his right to Due Process." *Id.* at 2.

**II. DISCUSSION**

The Court construes the pending motion as a motion for reconsideration of the Court's prior Orders dismissing this case. Federal Rule of Civil Procedure 60(b) provides that,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether

previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1-6). "A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Under Rule 60(b), "[w]hat qualifies as a reasonable time depends on the facts of each case[,]" and "[t]he relevant facts may include the length and circumstances of the delay and the possibility of prejudice to the opposing party." *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 945 (9th Cir. 2007) (citations omitted).

Plaintiff asserts that he did not receive the Orders dismissing the complaint and instructing Plaintiff that the case would be closed if no amended complaint was filed. Plaintiff provides a copy of his record in the Centinela State Prison Legal Mail Program which indicates that Plaintiff did not receive any legal mail from this Court within a month after the Court's Orders on December 14, 2016 and February 17, 2017. (ECF No. 10 at 12). The Court concludes that Plaintiff is entitled to relief pursuant to Federal Rule of Civil Procedure 60(b).

### III. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's motion to reopen the case is GRANTED. (ECF No. 10). The Court vacates the portion of its February 17, 2017 Order dismissing the action and directing the Clerk of Court to close the case. Plaintiff shall file any Amended Complaint within sixty (60) days of the date this Order is entered.

The Clerk of Court is directed to mail to Plaintiff a copy of this Order, as well as the December 14, 2016 Order and the February 17, 2017 Order issued by the Court in this case.

Dated: January 30, 2018

*[signature]*
Hon. William Q. Hayes
United States District Court