UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN GOMEZ, CDCR #F-39511,<br><br>                                Plaintiff,<br><br>vs.<br><br>RAYMOND MADDEN; A. SANGHA,<br><br>                              Defendants. | Case No.: 3:16-cv-02316-WQH-WVG<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(ii) AND 1915A(b)(1)** |

**I.    Procedural History**

On September 12, 2016, Ruben Gomez ("Plaintiff"), a state prisoner currently incarcerated at Centinela State Prison ("CEN") in Imperial, California, and proceeding pro se, filed a civil rights complaint ("Compl") pursuant to 42 U.S.C. § 1983 against Defendants Raymond Madden, CEN Warden, and A. Sangha, CEN Chief Medical Officer. (ECF No. 1.)

Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint, instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.) In addition, Plaintiff filed a Motion to Appoint Counsel. (ECF No. 3.)

On December 14, 2016, the Court GRANTED Plaintiff's Motion to Proceed IFP, DENIED his Motion to Appoint Counsel, and sua sponte DISMISSED his Complaint for failing to state a claim upon which relief could be granted. (ECF No. 5.) Plaintiff was granted forty-five (45) days leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (Id. at 11-12.) That time passed and Plaintiff failed to comply with the Court's Order. Therefore, on February 17, 2017, the Court DISMISSED the entire action for the reasons set forth in the December 14, 2016 Order and for failing to comply with a Court Order. (ECF No. 8.)

Nearly a year later, on January 24, 2018, Plaintiff filed a "Motion to Reopen Case" which the Court GRANTED. (ECF Nos. 10, 11.) On March 26, 2018, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 12.) In his FAC, Plaintiff adds Defendants J. Lewis, Deputy Director of the California Correctional Health Care Services and Dr. Mani, an Ophthalmologist. (Id. at 102.)

## II. Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Screening Standards

As the Court previously informed Plaintiff, the Court must review complaints filed by all persons, like Plaintiff, who are proceeding IFP and who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Pursuant to these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. The "mere possibility of misconduct" does not meet this standard. Id.

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679; see also Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the Court has an obligation "where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Finally, in deciding whether Plaintiff has stated a plausible claim for relief, the Court may consider exhibits attached to his Complaint. See FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc., 583 F.2d 426 (9th Cir. 1978) ("[M]aterial which is properly

submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss.)).

### B. Plaintiff's Claims

Plaintiff has been incarcerated since 2006 and on May 11, 2007, Plaintiff was diagnosed with "Keratoconus." FAC at 4-5. This condition is a "gradual change in the shape of the cornea that causes it to become cone shaped." Id. at 5. Plaintiff alleges this condition causes "major changes in vision and require[es] frequent changes in the prescription for eye glasses or contact lenses." Id. Plaintiff further claims that in "severe cases," neither eye glasses nor contact lens will provide relief and instead a "corneal transplantation" is performed. Id.

Plaintiff alleges from May of 2007 to July of 2008, while he was housed at Ironwood State Prison ("ISP"), he suffered "irreparable harm by wearing . . . contacts which caused irritation, redness, and scarring." Id. at 8. On February 10, 2011, Plaintiff was transferred to CEN. See id. at 9. On August 12, 2011, Plaintiff was examined by Dr. Mani who noted that Plaintiff has "corneal abrasion and suffers from redness and dry eyes." Id. Ten days later, Plaintiff returned to Dr. Mani for a "refitting of contact lenses." Id. Plaintiff claims that prison officials continued to provide contact lenses but due to his "advance Keratoconus," he should have received "corneal transplantation surgery." Id. at 10.

Plaintiff maintains that from August 12, 2011 to July 22, 2015, Dr. Mani's "examinations, as infrequent as they were," caused Mani to be "aware of the corneal abrasions that Plaintiff was suffering from." Id. at 6. On November 17, 2014, Plaintiff claims that "it was documented that the use of lenses scarred the eyes" and to this "present day, Plaintiff is still being sent for fitting of contact lenses." Id. at 10.

### C. Eighth Amendment medical care claims

Prison officials are liable only if they are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Here, Plaintiff claims he suffers from "Keratoconus" and claims that his medical needs were objectively serious. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991) (quoting Estelle,

4

429 U.S. at 104) (defining a "serious medical need" as one which the "failure to treat ... could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); Iqbal, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Twombly, 550 U.S. at 570). The "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin, 974 F.3d at 1059-60.

Assuming Plaintiff's medical issues were "objectively serious" medical conditions, nothing in his FAC supports a "reasonable inference that [any individual] defendant" acted with deliberate indifference to his plight. Iqbal, 556 U.S. at 678. "In order to show deliberate indifference, an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 302 (1991). The indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. Estelle, 429 U.S. at 106; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard.") (citing Hallett v. Morgan, 296 F.3d 732, 1204 (9th Cir. 2002); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

In his FAC, Plaintiff alleges that Dr. Mani was deliberately indifferent to his serious medical needs but offers no specific factual allegations to support this claim. Plaintiff acknowledges that he was examined by Dr. Mani on several occasions and claims Dr. Mani prescribed contact lenses for Plaintiff to assist with his medical condition. See FAC at 6, 9. While Plaintiff appears to claim that he should receive a cornea transplant instead, these claims amount to a difference of opinion between an inmate and his doctor.

To the extent Plaintiff alleges the Defendants acted negligently and disagreed with Plaintiff's opinion as to the proper medication or course of treatment, a § 1983 claim cannot

5

sound merely in negligence or substandard medical care. Farmer v. Brennan, 511 U.S. 825, 835 (1994) (holding that a mere negligent failure to protect an inmate from harm is not actionable under § 1983); Toguchi, 391 F.3d at 1057 (quoting McGuckin, 974 F.2d at 1059) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."). "Deliberate indifference," on the other hand, "is a high legal standard," and claims of medical malpractice, negligence or a difference of opinion concerning the course of treatment are insufficient to establish a constitutional deprivation. Toguchi, 391 F.3d at 1060.

Plaintiff has merely alleged a difference of opinion regarding his need for medical care, and has not alleged that any of the named Defendants acted with deliberate indifference to his plight by "knowing of and disregarding an excessive risk to his health and safety" with respect to the decision to treat his condition with contact lenses rather than perform surgery. Farmer, 511 U.S. at 837; Iqbal, 556 U.S. at 678.

In addition, once again, Plaintiff does not actually set forth any specific factual allegations that Defendant Madden or Defendant Sangha actually knew of and disregarded any serious medical need. See Gibson v. Cnty. of Washoe, Nev., 290 F.3d 1175, 1193 (9th Cir. 2002) ("[D]eliberate indifference requires the defendant to be subjectively aware that serious harm is likely to result from a failure to provide medical care."). Plaintiff does not state any factual allegations that either of these Defendants played any role in the medical care he received while housed at CEN. Therefore, the Court finds that Plaintiff has failed to state an Eighth Amendment claims as to either Defendant Madden or Defendant Sangha.

As for Defendant Lewis, Plaintiff claims that as "Deputy Director of Policy and Risk Management Services for California Correction Health Care Services, he directly denied the appropriate care." FAC at 2. Plaintiff claims that Defendant Lewis was "not only negligent" in the care provided to Plaintiff but also "denied any relief Plaintiff requested in the appeals process." Id. at 6. Attached to Plaintiff's FAC is the Director's Level Decision purportedly authored by Defendant Lewis in response to Plaintiff's grievance which was given the log number "CEN HC 14027082." FAC, Ex. M., Letter dated Sept.

14, 2015. In this response, Defendant Lewis denies Plaintiff's appeal finding, in part, that: (1) Plaintiff has received ongoing "Primary Care Provider (PCP), optometry, and ophthalmology follow up evaluation and treatment;" (2) noting that an ophthalmologist determined on August 15, 2015 that Plaintiff's "keratoconjunctivitis has improved" and that "the next step is to fit [Plaintiff] with the proper size contact lens;" (3) Plaintiff had a pending appointment "with the outside optometrist for fitting of contact lenses;" and (4) his "medical condition will continue to be monitored with care provided as determined medically indicated by the PCP." Id.

Plaintiff has also attached to his FAC the grievance that he initially filed and is the grievance to which Defendant Lewis provided the response on September 14, 2015. See FAC, Ex. H, "Patient-Inmate Health Care Appeal, dated Dec. 10, 2014 Log No. CEN HC 14027082." In this grievance, Plaintiff states that his contacts "need to be refitted" and he needs to "receive [his] recommended contact lenses." Id. He further requests to be seen by an "eye specialist to make the required correction(s)." Id. In addition, Plaintiff "demand[s] that the Medical Department fast track my prescribed contact lenses and reschedule me for follow up appointment." Id.

While Plaintiff contends that he "constantly complained that the [contact] lenses were of no use," it appears that Plaintiff did seek relief in the form of new contact lenses based on a review of the grievance he filed. While Plaintiff requests injunctive relief in the form of a "corneal transplant surgery," there is no factual allegation or supporting documentation that this was ever requested or discussed by Plaintiff and any of the named Defendants. FAC at 17. Based on Plaintiff's own contradictory allegations and supporting documentation, there are no facts to show that Defendant Lewis was "deliberately indifferent" when he responded to Plaintiff's administrative grievance.

///

### C. Individual Liability and Causation

Finally, Plaintiff's FAC contains insufficient factual allegations as to whom he claims violated his constitutional rights and contains no "further factual enhancement"

which describes how, or to what extent, any individual became aware of, or were actually aware of, his alleged serious medical needs. "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see also Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984) (stating that even a pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

"Causation is, of course, a required element of a § 1983 claim." Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976)). Plaintiff only identifies Madden and Sangha as Defendants in his FAC but there are no actual references to these Defendants in the body of his FAC or in the voluminous exhibits attached to Plaintiff's FAC.[1] For all these reasons, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

### D. Leave to Amend

Because Plaintiff is proceeding without counsel, and he has now been provided with notice of his FAC's deficiencies, the Court will grant him leave to amend. See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012)).

///

---

[1] Plaintiff does attach to his FAC a "Health Care Services Physician Request for Services" dated March 8, 2016. (FAC, Ex. "N," Health Care Services Physician Request for Services.") This form does have "Dr. Sangha" typed into the form as "requesting physician" but it is not actually signed by Dr. Sangha

## III. Conclusion and Order

Good cause appearing, the Court:

**DISMISSES** Plaintiff's FAC in its entirety for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading, and must comply with S.D. CAL. CIVLR 8.2(a). Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. See S.D. CAL. CIVLR 15.1; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. See Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: May 10, 2018

*/s/ William Q. Hayes*
Hon. William Q. Hayes
United States District Court