UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN GOMEZ, CDCR #F-39511,<br><br>Plaintiff,<br><br>vs.<br><br>RAYMOND MADDEN; A. SANGHA; J. LEWIS; DR. MANI,<br><br>Defendants. | Case No.: 3:16-cv-02316-WQH-WVG<br><br>**ORDER: (1) DISMISSING DEFENDANTS; AND (2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

**I.  Procedural History**

On September 12, 2016, Ruben Gomez ("Plaintiff"), a state prisoner currently incarcerated at Centinela State Prison ("CEN") in Imperial, California, and proceeding pro se, filed a civil rights complaint ("Compl") pursuant to 42 U.S.C. § 1983 against Defendants Raymond Madden, CEN Warden, and A. Sangha, CEN Chief Medical Officer. (ECF No. 1.)

Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint, instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.) In addition, Plaintiff filed a Motion to Appoint Counsel. (ECF No. 3.)

On December 14, 2016, the Court GRANTED Plaintiff's Motion to Proceed IFP, DENIED his Motion to Appoint Counsel, and sua sponte DISMISSED his Complaint for failing to state a claim upon which relief could be granted. (ECF No. 5.) Plaintiff was granted forty-five (45) days leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (Id. at 11-12.) That time passed and Plaintiff failed to comply with the Court's Order. Therefore, on February 17, 2017, the Court DISMISSED the entire action for the reasons set forth in the December 14, 2016 Order and for failing to comply with a Court Order. (ECF No. 8.)

Nearly a year later, on January 24, 2018, Plaintiff filed a "Motion to Reopen Case" which the Court GRANTED. (ECF Nos. 10, 11.) On March 26, 2018, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 12.) In his FAC, Plaintiff adds Defendants J. Lewis, Deputy Director of the California Correctional Health Care Services and Dr. Mani, an Ophthalmologist. (Id. at 102.)

The Court DISMISSED Plaintiff's FAC for failing to state a claim upon which relief could be granted. (ECF No. 13.) On June 25, 2018, Plaintiff filed his Second Amended Complaint ("SAC"). (ECF No. 14.)

**II.     Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

  **A.     Screening Standards**

As the Court previously informed Plaintiff, the Court must review complaints filed by all persons, like Plaintiff, who are proceeding IFP and who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Pursuant to these statutes, the Court must sua sponte dismiss complaints, or any

portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. The "mere possibility of misconduct" does not meet this standard. Id.

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679; see also Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court has an obligation "where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Finally, in deciding whether Plaintiff has stated a plausible claim for relief, the Court may consider exhibits attached to his SAC. See FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Hal Roach Studios, Inc. v. Richard

Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc., 583 F.2d 426 (9th Cir. 1978) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss.)).

### B. Personal Causation

To the extent Plaintiff seeks to sue CEN Warden Raymond Madden and J. Lewis, Deputy Director of CDCR Policy and Risk Management Services, his SAC fails to state a claim upon which § 1983 relief can be granted because it contains no factual allegations to explain how any of these individuals actually knew of or took part in violating Plaintiff's Eighth Amendment rights.[1] "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see also Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

Plaintiff's SAC includes no details explaining what any of these persons specifically did, or failed to do with regard to his medical condition, or how their acts or omissions resulted in cruel and unusual punishment. Iqbal, 662 U.S. at 678 (noting that Fed.R.Civ.P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'") (quoting Twombly, 550 U.S. at 555, 570).

---

[1] The only allegation as to Defendant Lewis arises from her role as Deputy Director of Policy and Risk Management Services for California Corrections Health Care Services in responding to Plaintiff's grievances. See SAC at 2. However, involvement in reviewing an inmate's grievance or administrative appeal on its own does not demonstrate awareness of an Eighth Amendment violation. Peralta v. Dillard, 744 F.3d 1076, 1086-97 (9th Cir. 2014).

Thus, to the extent Plaintiff seeks to sue Madden and Lewis based only on their positions within the CDCR and/or their supervisory duties, he has failed to state a claim. Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of subordinates if Plaintiff alleges plausible facts to show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, that they were an actual and proximate cause of the violation. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011).

As currently pleaded, Plaintiff's SAC fails to include any "factual content that [would] allow[] the court to draw [a] reasonable inference" in support of an individualized constitutional violation committed by Defendants Madden and Lewis. Iqbal, 556 U.S. at 678. Because there is no alleged affirmative link between the conduct of these Defendants conduct and Plaintiff's inadequate medical care claims, the claims against Defendants Madden and Lewis must be dismissed for failing to state a claim for relief that is "plausible on its face." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556, 570).

**C. Eighth Amendment claims**

The Court finds that the Eighth Amendment claims as to Defendants Sangha and Mani are sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). See Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012); Iqbal, 556 U.S. at 678; Estelle v. Gamble, 429 U.S. 97, 105-06 (1976) (prison officials are liable if they act with deliberate indifferent to a prisoner's serious medical needs); Estelle, 429 U.S. at 104 (deliberate indifference "is manifested by prison [officials] intentionally denying or delaying access to medical care.").

Therefore, the Court will direct the U.S. Marshal to effect service of summons Plaintiff's SAC on his behalf as to Defendants Sangha and Mani. See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United

5

3:16-cv-02316-WQH-WVG

States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. Conclusion and Order

Good cause appearing, the Court:

1. **DISMISSES** claims against Defendants Madden and Lewis for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). The Clerk of Court shall terminate these Defendants from the Court's docket.

2. **DIRECTS** the Clerk to issue a summons as to Defendants Sangha and Mani and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of the December 14, 2016 IFP Order, certified copies of his SAC, and the summons so that he may serve Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service*, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

3. **ORDERS** the U.S. Marshal to serve a copy of the SAC and summons upon Defendants Sangha and Mani as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. See 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

4. **ORDERS** Defendants Sangha and Mani, once they have been served, to reply to Plaintiff's SAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). See 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to

respond).

5. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. See S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: August 13, 2018

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court