UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN GOMEZ,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>RAYMOND MADDEN *et al.*,<br><br>　　　　　　　　Defendants. | Case No.: 16-CV-2316-WQH(WVG)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>**[ECF No. 40.]** |

Currently before the Court is Defendant A. Sangha's Motion to Dismiss for Failure to State a Claim ("Motion") Plaintiff Ruben Gomez's Third Amended Complaint ("TAC") on the basis that the § 1983 claims in the TAC are untimely and proceed on a theory of respondeat superior liability that is insufficient to support § 1983 claims. Sangha also contends the negligence claim in the TAC is improper pursuant to Federal Rule of Civil Procedure 15 and that Plaintiff failed to present a timely government claim.

Having reviewed the TAC, the Motion, and all supporting documents submitted by both parties, the Court RECOMMENDS that the Motion be GRANTED, that claims one and two of the TAC as to Defendant Sangha be DISMISSED without prejudice, and the third claim be DISMISSED with prejudice.

1

# I. PROCEDURAL HISTORY[1]

On September 12, 2016, Plaintiff, a state prisoner currently incarcerated at Centinela State Prison in Imperial, California filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Raymond Madden, Centinela Warden, and A. Sangha, Centinela Chief Medical Officer. (ECF No. 1.)

Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a) when he filed his complaint, instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.) In addition, Plaintiff filed a Motion to Appoint Counsel. (ECF No. 3.)

On December 14, 2016, the Court granted Plaintiff's Motion to Proceed IFP, denied his Motion to Appoint Counsel, and *sua sponte* dismissed his Complaint for failing to state a claim upon which relief could be granted. (ECF No. 5.) Plaintiff was granted 45 days leave to file an amended pleading to correct the deficiencies of pleading identified in the Court's Order. (*Id.* at 11-12.) That time passed, and Plaintiff failed to comply with the Court's Order. Therefore, on February 17, 2017, the Court dismissed the entire action for the reasons set forth in the December 14, 2016 Order and for failing to comply with a Court Order. (ECF No. 8.)

Nearly a year later, on January 24, 2018, Plaintiff filed a Motion to Reopen Case which the Court granted. (ECF Nos. 10, 11.) On March 26, 2018, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 12.) In his FAC, Plaintiff added Defendants J. Lewis, Deputy Director of the California Correctional Health Care Services, and Dr. Mani, an ophthalmologist. (ECF No. 12.)

On May 10, 2018, the Court *sua sponte* dismissed Plaintiff's FAC for failing to state a claim upon which relief could be granted. (ECF No. 13.) The Court again granted

---

[1] All citations to documents filed on the CM/ECF docket refer to the electronic page numbers generated by the CM/ECF system, not to the document's original pagination.

Plaintiff 45 days leave to file an amended complaint. (*Id.* at 11-12). On June 25, 2018, Plaintiff filed his Second Amended Complaint. (ECF No. 14.)

On August 13, 2018 the Court *sua sponte* dismissed Plaintiff's claims against Defendants Madden and Lewis for failing to state a claim upon which relief could be granted. (ECF No. 15.) As to the remaining defendants, Sangha and Mani, the Court found that the claims against them were sufficiently pled to survive the "low threshold" for proceeding past *sua sponte* screening. (*Id.* at 5.)

On October 11, 2018, Plaintiff filed another Motion to Appoint Counsel. (ECF No. 18.) On November 16, Defendant Sangha filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 26.)

On December 28, 2018, the Court granted Plaintiff's Motion to Appoint Counsel. (ECF No. 33.) On March 14, 2019 *sua sponte* granted Plaintiff leave to file an amended complaint in lieu of an opposition to Defendant Sangha's pending Motion to Dismiss for Failure to State a Claim. (ECF No. 37.)

Pursuant to the Court's Order, Plaintiff filed his Third Amended Complaint ("TAC") on March 20, 2019. (ECF No. 38.) On April 5, 2019, Defendant Sangha filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 40.) On April 29, 2019, Plaintiff filed an opposition. (ECF No. 42.) On May 6, 2019, Defendant Sangha filed a reply. (ECF No. 43.)

## II. FACTUAL ALLEGATIONS

In 2007, while incarcerated at Ironwood State Prison, Plaintiff received medical treatment for keratoconus, which is a gradual change in the shape of the cornea that causes it to become cone-shaped. (TAC, ECF No. 38 at 4.) As a treatment, Plaintiff was fitted with contact lenses. (*Id.*) However, the contact lenses caused Plaintiff significant pain and irritation. (*Id.*) Ultimately, in 2007, Plaintiff's medical records note that he had developed contact lens intolerance. (*Id.*) In July 2008, Plaintiff received Intac surgery, which implanted corneal inserts used to treat keratoconus. (*Id.*)

In February 2011, Plaintiff was transferred to Centinela State Prison and began treatment for his keratoconus with Defendant Mani. (*Id.* at 5.) Dr. Mani noted that Plaintiff suffered from corneal abrasions which, based upon Plaintiff's medical history, could only have been caused by contact lenses. (*Id.*) Defendant Mani continued with a course of treatment that included refitting Plaintiff's contact lenses. (*Id.*) This course of treatment was authorized by Defendant Sangha, who was the Chief Medical Officer of Centinela State Prison. (*Id.*) Dr. Mani continued to treat Plaintiff from 2011 to 2015 by refitting his contact lenses despite knowledge of Plaintiff's contact lens intolerance. (*Id.*)

On December 10, 2014, Plaintiff initiated the Patient Inmate Health Care Appeal based upon his belief that he was not being provided medical care that would properly treat the keratoconus that was causing him constant pain, irritation, and declining vision. (*Id.* at 6.) Plaintiff filed a second appeal on or about February 20, 2015. (*Id.*) On September 14, 2015, California Correctional Health Services ("CCHS") denied Plaintiff's appeals, indicating that his administrative remedies had been exhausted. (*Id.*) The basis for the denial of the appeal was that CCHS determined that Plaintiff's medical condition had been evaluated and the treatment he was receiving was deemed medically necessary. (*Id.*)

In 2016, Plaintiff participated in further medical consultations at UCSD that again determined he had contact lens intolerance and recommended a bilateral cornea transplant due to his advanced keratoconus. (*Id.*) Defendant Mani had not recommended that Plaintiff receive a bilateral cornea transplant during the time between 2011 and 2015 that he had treated Plaintiff. (*Id.*) Plaintiff alleges that by failing to recommend this transplant in favor of treating Plaintiff's keratoconus by refitting his contact lenses, Defendants Mani and Sangha disregarded his noted intolerance to contact lenses and thereby caused further permanent damage to his eyesight. (*Id.*)

Based on these alleged events, Plaintiff's present action has brought two claims under 42 U.S.C. § 1983 for violation of his Eighth and Fourteenth Amendment rights. (*Id.* at 7, 9.) Plaintiff has additionally brought a third claim under state law for negligence based on the same factual allegations. (*Id.* at 11.)

Defendant Sangha has filed the Motion, arguing that the TAC should be dismissed because the § 1983 claims are (1) filed untimely and (2) proceed on a theory of respondeat superior liability, which is insufficient to state a § 1983 claim. (ECF No. 40 at 1.) Additionally, Defendant Sangha moves to dismiss Plaintiff's third claim brought under state negligence because (1) Plaintiff failed to obtain leave to add a new cause of action and (2) Plaintiff failed to present a timely government claim. (*Id.*)

### III. LEGAL STANDARD

#### A. Rule 12(b)(6) Motion to Dismiss

Generally referred to as a motion to dismiss, Federal Rule of Civil Procedure 12(b)(6) permits a party to bring a motion arguing that a complaint "fail[s] to state a claim upon which relief can be granted." The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

"To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow . . . the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*,

550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in a complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## IV. DISCUSSION

### A. Plaintiff's § 1983 Claims

Plaintiff's first two claims against Defendant Sangha are brought under 28 U.S.C. § 1983. Defendant Sangha argues that these claims are properly dismissed because (1) they are untimely and (2) they are brought under a theory of respondeat superior liability, which is legally insufficient to support a claim brought under § 1983.

#### 1. Statute of Limitations

Plaintiff alleges that the Defendants violated his constitutional rights during the period between 2011 and 2015. Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Because § 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). The statue of limitations in California is two years. Cal. Civ. Proc. Code § 335.1.

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Hardin v. Straub*, 490 U.S. 536, 543-544 (1989) (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391; *see also*

*Maldonado*, 370 F.3d at 955 ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.").

Here, Plaintiff seeks to hold Defendant Sangha liable for events that occurred between August 2011 and sometime in 2015. Defendant Sangha argues that Plaintiff's cause of action accrued in 2011, given that in the Second Amended Complaint Plaintiff admitted knowledge of an alleged constitutional violation when "the defendants failed to take reasonable steps to protect plaintiff and to ensure his constitutional rights to be free from cruel and unusual punishment while he was in defendants['] care and custody at Centinela." (2d Am. Compl., ECF No. 14 at 9.) However, Plaintiff argues that the Second Amended Complaint—which was prepared without the aid of counsel—only alleges that the actions of defendants beginning in 2011 simply *constituted* a violation of Plaintiff's rights and is not Plaintiff's concession of awareness at that time that a constitutional violation had taken place.

On a motion to dismiss, courts are required to draw all inferences from the factual allegations in the complaint in the light most favor to the plaintiff. *Twombly*, 550 U.S. 554 (2007). Here, the record does not explicitly indicate that Plaintiff had an awareness of constitutional violations occurring in 2011. Rather, the Second Amended Complaint merely appears to contain backward-looking allegations that such constitutional violations began to occur in 2011. As such, the Court should not credit Defendant Sangha's argument that the claim accrued in 2011 because that was when Plaintiff became aware of the violation.

Defendant Sangha further argues that Plaintiff failed to allege a continuing violation that would enable his claim to accrue at the time of the last constitutional violation. Defendant Sangha argues that because the Defendants did not explicitly refuse medical treatment to Plaintiff, Plaintiff did not sufficiently allege a continuing violation. However, the TAC states that "[f]rom 2011-2015, DR. MANI and A. SANGHA failed to consider or recommend corneal transplantation surgery and continued on their course of treatment that refitted PLAINTIFF's contact lenses" despite prior medical records indicating that Plaintiff

7

had contact lens intolerance. Given this allegation, the Court should find that the TAC adequately alleges continuing inadequate medical care that persisted until Plaintiff last received treatment sometime in 2015. Given that Plaintiff filed his initial complaint on September 12, 2016, the Court should find the action is not barred by the two-year statute of limitations.

### 2. Respondeat Superior Liability

Plaintiff's first and second claims against Defendant Sangha appear to be alleged under a respondeat superior theory of liability. However, supervisory personnel are generally not liable under § 1983 for the actions of their employees. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor personally participated in the violations. *Id.* Thus, a supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) (citation omitted), overruled on other grounds by *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). Furthermore, when a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are insufficient. *Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution.").

Here, Plaintiff fails to state a cognizable claim against Defendant Sangha in part because there are no allegations of Sangha's direct involvement in the medical treatment provided by Dr. Mani. Rather, the TAS contains only allegations against Sangha in his

supervisory role or as an indirect participant in the medical care Dr. Mani administered as demonstrated by the following factual allegations:

- "A. SANGHA coordinated, managed, supervised, disciplined, and provided all care activities . . . ." (ECF No. 38 ¶ 9.)

- "DR. MANI, in coordination with A. SANGHA, carried out the instructions, policies, procedures, and directives of the Chief Medical Officer for Centinela State Prison, A. SANGHA, and provided medical care to PLAINTIFF." (*Id.* ¶ 10.)

- "DR. MANI, at A. SANGHA's direction, continued with a course of treatment that included refitting his contact lenses despite the fact that PLAINTIFF had a diagnosed medical history of contact lens intolerance." (*Id.* ¶ 18.)

- "A. SANGHA, as Chief Medical Officer of Centinela State Prison, supervised, oversaw, authorized, and approved with actual or constructive knowledge all treatment provided to PLAINTIFF by DR. MANI." (*Id.* ¶ 19.)

- "From 2011-2015, DR. MANI continued to refit PLAINTIFF for new contact lenses, *said course of treatment being authorized, supervised, known, and approved* by A. SANGHA." (*Id.* ¶ 21 (emphasis added).)

- "Defendants DR. MANI and A. SANGHA authorized, approved, directed, and implemented a course of treatment that was "easier but less efficacious." (*Id.* ¶ 22.)

- "From 2011-2015, DR. MANI and A. SANGHA failed to consider or recommend corneal transplantation surgery and continued on their course of treatment that refitted PLAINTIFF's contact lenses." (*Id.* ¶ 25.)

- "Supervisory staff such as Defendant A. SANGHA, Chief Medical Officer for Centinela State Prison, had the authority and responsibility to ensure PLAINTIFF received access to adequate medical health care, that such medical health care was appropriate based on the circumstances and complaints of PLAINTIFF, and that such ordered treatment was properly followed and adhered to by medical staff. Defendant A. SANGHA failed and/or refused to do so." (*Id.* ¶ 36.)

The most that these allegations amount to is Sangha's indirect, passive, supervisory participation in Plaintiff's treatment. Unlike Defendant Mani, who personally examined and treated Plaintiff, the TAC does not allege with any specificity that Defendant Sangha,

acting in his supervisory role as Chief Medical Officer, had any personal or direct involvement with Plaintiff's care. Merely asserting that Sangha supervised and approved the treatment that Defendant Mani provided to Plaintiff is insufficient to establish a claim against Sangha. *See Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) ("Plaintiff's complaint is based on conclusory allegations and generalities, without any allegation of the specific wrong-doing by each [d]efendant."); *Harbridge v. Schwarzenegger*, 752 Fed. Appx. 395, 398 (9th Cir. 2018) (affirming district court's ruling that a plaintiff's § 1983 claims against supervisors were properly dismissed because the plaintiff failed to allege facts showing direct involvement or sufficient causal connection between the actions of the supervisors and the alleged constitutional violations.)

Although supervisors can be held liable in their supervisory role and without direct involvement under certain circumstances, the SAC here does not go beyond merely stating the general elements of a deliberate indifference claim against Sangha. *Cf. Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (holding complaint with extensive, *specific* allegations against former Sheriff Baca met pleadings standard). Unlike in *Starr*, the SAC here largely contains generalities and conclusory allegations.

### 3. Leave to Amend Should be Granted

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend shall be freely given when justice so requires. "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

Here, there has been no undue delay, bad faith, or dilatory motive. It does not appear that there would be any undue prejudice to Sangha. Additional facts, if they exist and are known to Plaintiff, could cure the deficiencies of Plaintiff's TAC as to claims one and two.

Given that all the other factors weigh in favor of amendment, the Court RECOMMENDS Plaintiff be granted leave to file an amended complaint as to his first and second claims.

### B. Plaintiff's Negligence Claim

Plaintiff's third claim against Defendant Sangha is a state law negligence claim. Sangha argues that this claim is properly dismissed because (1) the Plaintiff was not authorized to add a new cause of action, and (2) the Plaintiff failed to present a timely claim under California's Government Claims Act.

#### 1. Unauthorized Claim

Sangha argues that the presentation of a new state law claim in Plaintiff's TAC does not comply with Federal Rule of Civil Procedure 15 because Plaintiff was not expressly granted leave to bring additional claims. The Court should reject this argument for two reasons. First, the Court's Order granting Plaintiff leave to file a Third Amended Complaint did not specify any parameters on what Plaintiff was or was not permitted to amend. Therefore, the Court's Order did not preclude Plaintiff from asserting relevant state law claims arising from the same set of facts or circumstances. Second, Plaintiff was appointed counsel in November 2018. Thereafter, this Court *sua sponte* granted Plaintiff leave to file an amended complaint with the aid of his newly appointed counsel. As Plaintiff argues in his opposition, the appointment of counsel enabled him to properly pursue his legal claims, including the state law negligence claim that appears in the TAC. For these reasons, the Court should reject Defendant's argument that Plaintiff's third claim did not comply with Rule 15.

#### 2. Timely Government Claim

Defendant Sangha also argues that California Government Code § 945.4 requires that a plaintiff suing a public entity for damages must have presented the claim to the public entity within a statutory timeframe prior to bringing suit. The TAC contains no factual

indication that Plaintiff properly presented the claim against Sangha. As such, Sangha argues that the negligence claim is properly dismissed.

California's Government Claims Act provides that a party seeking to recover money damages for personal injury from a public entity must submit a claim to the entity within six months after accrual. Cal. Gov. Code § 911.2; *see also City of Stockton v. Superior Court*, 171 P.3d 20, 25 (Cal. 2007). Subject to exceptions not relevant here, a "cause of action against a public employee . . . for injury resulting from an act . . . in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred." Cal. Gov. Code § 950.2. A cause of action against a public employee is not barred by the Government Claims Act if the plaintiff "pleads and proves that he did not know or have reason to know, within the period of the presentation of the claim . . . that the injury was caused by the act or omission of a public entity or . . . employee." Cal. Gov. Code § 950.4.

Plaintiff's TAC contains no allegations that plaintiff submitted a timely claim pursuant to the Government Claims Act. Neither does the TAC allege that Plaintiff applied to present an untimely claim, based on the statutory exception described in § 950.4. As Plaintiff points out in both the TAC and his Opposition to Defendant Sangha's Motion to Dismiss, he did pursue and exhaust the administrative remedies available to him as of September 14, 2015. However, while allegations relating to the exhaustion of administrative claims are relevant to Plaintiff's § 1983 claims, they are not relevant to his negligence claim brought under state law. Consequently, Plaintiff must comply with the Government Claims Act as to his negligence claim. Because Plaintiff's claim accrued sometime in 2015, the statutory time frames for presenting a claim (six months after claim accrual) or applying to present an untimely claim (one year after claim accrual) have lapsed. Cal. Gov. Code §§ 911.2, 911.4.

The statutory exception that would enable Plaintiff to present a government claim after these periods have lapsed would require Plaintiff to plead and prove "that he did not know or have reason to know" within the statutory time frame that "*the injury* he alleges

was caused by the act or omission of a public entity or employee." Cal. Gov. Code § 950.4 (emphasis added). However, Plaintiff filed his initial complaint on September 12, 2016, within the one-year period to apply to present an untimely claim. Furthermore, plaintiff's initial complaint named Defendant Sangha as a defendant, indicating that Plaintiff did in fact know that the injury he alleges occurred was caused by a public employee. As a result, he cannot argue that he was unaware of the injury that gave rise to the negligence claim until after the claim presentation deadlines expired. Accordingly, Plaintiff's government claim is untimely, and the third claim of his TAC is rightfully dismissed.

### 3. Leave to Amend

A district court may deny a plaintiff leave to amend "if it determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (citation omitted). Given that the time period for Plaintiff to present a timely government claim has lapsed, and Plaintiff cannot now claim that he was unaware that a government employee was a cause of the injury he alleges, he cannot possibly cure the deficiency in his TAC relating to his third claim. In light of this, Defendant's Motion to Dismiss the third count of Plaintiff's TAC should be GRANTED WITHOUT LEAVE TO AMEND.

## V. CONCLUSION

Based on the foregoing, this Court RECOMMENDS that Defendant's Motion to Dismiss be GRANTED and that:

1. Claim One for deliberate indifference to medical needs against Defendant Sangha be DISMISSED WITH LEAVE TO AMEND; and

2. Claim Two for failure to train, supervise, and manage employees against Defendant Sangha be DISMISSED WITH LEAVE TO AMEND.

3. Claim Three for negligence and gross negligence against Defendant Sangha be DISMISSED WITHOUT LEAVE TO AMEND.

This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

**IT IS ORDERED** that no later than **September 5, 2019** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to objections shall be filed with the Court and served on all parties no later than **September 19, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal. *Martinez v. Ylst*, 951 F2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: August 5, 2019

Hon. William V. Gallo
United States Magistrate Judge