UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN GOMEZ,, <br><br>     Plaintiff, <br><br> v. <br><br> A. SANGHA; DR. MANI, <br><br>     Defendants. | Case No.: 16-CV-2316-WQH(WVG) <br><br> **ORDER** |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss filed by Defendant Sangha (ECF No. 40), the Report and Recommendation issued by the Magistrate Judge (ECF No. 44), and the Objection filed by Plaintiff (ECF No. 45).

**I.    BACKGROUND**

On September 12, 2016, Ruben Gomez ("Plaintiff"), a state prisoner currently incarcerated at Centinela State Prison ("CEN") in Imperial, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Raymond Madden, CEN Warden, and A. Sangha, CEN Chief Medical Officer.  ECF No. 1.

On December 14, 2016, the Court granted Plaintiff's Motion to Proceed IFP, denied his Motion to Appoint Counsel, and sua sponte DISMISSED his Complaint for failing to state a claim upon which relief could be granted. ECF No. 5.

Plaintiff was granted forty-five (45) days leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. *Id*. at 11-12. Plaintiff failed to comply with the Court's Order. On February 17, 2017, the Court dismissed the entire action.

On January 24, 2018, Plaintiff filed a "Motion to Reopen Case" which the Court granted. ECF Nos. 10, 11.

On March 26, 2018, Plaintiff filed his First Amended Complaint ("FAC"). ECF No. 12. The Court dismissed Plaintiff's FAC for failing to state a claim upon which relief could be granted. ECF No. 13.

On June 25, 2018, Plaintiff filed his Second Amended Complaint ("SAC"). ECF No. 14. The Court dismissed claims against Defendants Madden and Lewis for failing to state a claim upon which relief could be granted. ECF No. 15. The Court directed the Clerk of the Court to terminate these Defendants from the Court's docket and to issue a summons as to Defendants Sangha and Mani. *Id*.

On March 20, 2019, Plaintiff filed a Third Amended Complaint ("TAC"), the operative proceeding in this case, pursuant to 42 U.S.C. § 1983. ECF No. 38. Plaintiff alleges that while he was incarcerated at Centinela State Prison ("Centinela"), Defendants Chief Medical Officer Sangha and Ophthalmologist Dr. Mani violated his rights under the Eighth and Fourteenth Amendments, and committed negligence and gross negligence pursuant to state law. *Id.*

Plaintiff alleges that, in 2007, while incarcerated at Ironwood State Prison Plaintiff began receiving medical treatment for keratoconus, a gradual change in the shape of the cornea. *Id.* at 4. Plaintiff alleges that he was fitted with contact lenses. *Id.* However, Plaintiff alleges that in his case, where the change in corneal shape is so severe, contact lenses could lead to further damage and a corneal transplantation is recommended. *Id.* Plaintiff alleges that he continued to receive treatment while incarcerated at Ironwood State Prison from 2007 to 2010. *Id.*

Plaintiff alleges that on or about February 10, 2011, he was transferred to Centinela.

| | |
|---|---|
| 1 | *Id.* at 5. Plaintiff alleges that on August 12, 2011, he began treatment with Defendant Dr. Mani. *Id.* Plaintiff alleges that from 2011 to 2015, Dr. Mani continued to refit him for new contact lenses. *Id.* Plaintiff alleges that the course of treatment authorized, supervised, known, and approved by Defendant Sangha. *Id.* Plaintiff alleges that Defendants were aware of his severe keratoconus and acted with deliberate indifference towards his condition which caused him, and continues to cause him, severe pain and suffering. *Id.* |

Plaintiff alleges that on or about December 10, 2014, he initiated the Patient Inmate Health Care Appeal. *Id.* at 6. Plaintiff alleges that on or about February 20, 2015, he filed a second appeal. *Id.* Plaintiff alleges that on or about September 14, 2015, California Correctional Health Services ("CCHS"), Deputy Director, J. Lewis denied his appeals and stated that all administrative remedies had been exhausted. *Id.* Plaintiff alleges that Lewis's letter states that no intervention at the Director's Level of Review is necessary because Plaintiff's medical condition has been evaluated and Plaintiff is receiving treatment deemed medically necessary. *Id.*; ECF No. 38-5 at 9. Plaintiff alleges that in 2016, he was recommended a bilateral cornea transplant after further consultations. *Id.*; ECF No. 38-6 at 4.

On April 5, 2019, Defendant Sangha filed a motion to dismiss for failure to state a claim. ECF No. 40. Defendant Sangha contends that Plaintiff fails to state a claim because Plaintiff fails to allege facts sufficient to show that the claims in this case are timely and there are no allegations that Sangha was personally involved in the alleged actions against Plaintiff. *Id.* Sangha contends that he cannot be held liable for the wrongdoing of other staff at Centinela solely based on his supervisory position. *Id.* Pursuant to the state law negligence claims, Sangha contends that Plaintiff was not authorized to add a new cause of action to his TAC and failed to present a timely claim under California's Government Claims Act. *Id.*

On April 10, 2019, Defendant Dr. Mani filed an Answer to the Amended Complaint. ECF No. 41.

On April 29, 2019, Plaintiff filed a Response in Opposition to the Motion to Dismiss. ECF No. 42.

On May 6, 2019, Defendant Sangha filed a Reply in Support of the Motion to Dismiss. ECF No. 43.

On August 5, 2019, the Magistrate Judge issued a Report and Recommendation. ECF No. 44. The Report and Recommendation recommends that the Court grant the Motion to Dismiss; that the claims brought under 42 U.S.C. § 1983 be dismissed without prejudice and with leave to amend; and, that the state law negligence claim be dismissed with prejudice and without leave to amend. With respect to the § 1983 claims, the Report and Recommendation states the following regarding the statute of limitations:

> . . . [T]he TAC states that "[f]rom 2011-2015, DR. MANI and A. SANGHA failed to consider or recommend corneal transplantation surgery and continued on their course of treatment that refitted PLAINTIFF's contact lenses" despite prior medical records indicating that Plaintiff had contact lens intolerance. Given this allegation, the Court should find that the TAC adequately alleges continuing inadequate medical care that persisted until Plaintiff last received treatment sometime in 2015. Given that Plaintiff filed his initial complaint on September 12, 2016, the Court should find the action is not barred by the two-year statute of limitations.

ECF No. 44 at 7-8. With respect to the 42 U.S.C. § 1983 claims, the Report and Recommendation states the following regarding respondeat superior liability:

> . . . Unlike Defendant Mani, who personally examined and treated Plaintiff, the TAC does not allege with any specificity that Defendant Sangha, acting in his supervisory role as Chief Medical Officer, had any personal or direct involvement with Plaintiff's care. Merely asserting that Sangha supervised and approved the treatment that Defendant Mani provided to Plaintiff is insufficient to establish a claim against Sangha. . . .

*Id*. at 9-10. With respect to the state law negligence claim, the Report and Recommendation states,

> Plaintiff's TAC contains no allegations that plaintiff submitted a timely claim pursuant to the Government Claims Act. Neither does the TAC allege that Plaintiff applied to present an untimely claim, based on the statutory exception

described in § 950.4. . . . Because Plaintiff's claim accrued sometime in 2015, the statutory time frames for presenting a claim (six months after claim accrual) or applying to present an untimely claim (one year after claim accrual) have lapsed. Cal. Gov. Code §§ 911.2, 911.4.

*Id.* at 12.

On September 5, 2019, Plaintiff filed an Objection to the Report and Recommendation. ECF No. 45.

On September 18, 2019, Defendant filed a Reply to Plaintiff's Objection. ECF No. 46.

## II. LEGAL STANDARD

The duties of the district court in connection with a report and recommendation issued by a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

## III. DISCUSSION

Plaintiff objects to the conclusion of the Report and Recommendation that the TAC's allegations against Sangha proceed only on a theory of respondeat superior which is insufficient to state a §1983 claim. Plaintiff contends that a supervisor can be held liable if he or she knew of the violations and failed to act to prevent them. Plaintiff contends that the TAC adequately alleges facts to show that Sangha knew of the Plaintiff's inadequate

5

16-CV-2316-WQH(WVG)

care, failed to remedy the inadequacies, and continued a course of treatment that was easier but less efficacious.

Defendant contends that the allegations in the TAC against Sangha are conclusory and fail to adequately allege any causal link between Sangha and the claimed constitutional violation other than passive, indirect, and supervisory participation. Defendant contends that the Magistrate Judge properly stated the relevant law and found no allegations to support a finding for liability not based on direct involvement.

After conducting a de novo review of the related portions of the Report and Recommendation and considering the entire file, including Plaintiff's objections, the Court concludes that the Magistrate Judge properly determined that the allegations of the TAC were insufficient to state a claim for violations of the Eighth and Fourteenth Amendments against Defendant Sangha. The TAC fails to allege facts sufficient to support an inference that Defendant Sangha was personally involved in any constitutional deprivation of Plaintiff's Eighth and Fourteenth Amendment rights or that a sufficient causal connection exists between any of the conduct as supervisor and the constitutional deprivations at issue here. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'").

The Court has reviewed the related portions of the Report and Recommendation to which no objection was filed and adopts the Report and Recommendation in its entirety.

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 44) is adopted and Plaintiff's Objections (ECF No. 44) to the Report and Recommendation are overruled.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendant Sangha (ECF No. 40) is granted. Claim One and Claim Two are dismissed without prejudice, with leave to amend. Claim Three is dismissed with prejudice; without leave to amend.

Dated: September 26, 2019

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court